Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Hesman, Bar No. 028874
Kevin L. Nguyen, Bar No. 027870
Anne M. Orcutt, Bar No. 029387
Eden G. Cohen, Bar No. 034529
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
Telephone: (480) 420-1600
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
knguyen@strucklove.com
aorcutt@strucklove.com
ecohen@strucklove.com

*Attorneys for Defendant Penzone*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jason Phillip Fenty,<br><br>Plaintiff,<br><br>v.<br><br>Paul Penzone, et al.,<br><br>Defendants. | Case No. 2:22-cv-01183-DJH-JZB<br><br>**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE** |

Pursuant to Fed. R. Civ. P. 41(b) and the Court's August 5, 2022 Screening Order (Dkt. 5), Defendant Penzone respectfully requests that the Court dismiss Plaintiff's Complaint for failure to prosecute, as Plaintiff has failed to update his address since October 31, 2022 (which has resulted in mail being returned to both Defense counsel and the Court) and has failed to respond to the discovery Defendant served on March 23, 2023. (Dkt. 17.)

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    BACKGROUND**

On March 23, 2023, Defendant served requests for production, requests for admission, and interrogatories upon Plaintiff. (Dkt. 17.) Defendant served this discovery

at the address on file with the Court, which was last updated on October 31, 2022. (Dkt. 15, 17.) On March 29, 2023, the envelope containing Defendant's discovery requests was returned to Defense counsel, with a sticker stating: "Attempted – Not Known," "Unable to Forward," and "Return to Sender." (*See* Image of Envelope Returned to Defense counsel, attached as Exhibit 1.)

In its August 5, 2022 Screening Order, the Court warned Plaintiff that he "must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. **Failure to comply may result in dismissal of this action**." (Dkt. 5 at 8) (emphasis added). Given the return of Defendant's discovery requests on March 29, 2023, sometime after October 31, 2022, Plaintiff moved, but failed to update Defense counsel or the Court. As a result, Plaintiff failed to respond to Defendant's discovery requests (because he never received them) and Defendant has no means of providing them to him. (Dkt. 17.) Moreover, to date, Plaintiff has not participated in discovery or otherwise prosecuted his case (other than merely updating his address once).

## II.  LEGAL ARGUMENT

The Court should dismiss Plaintiff's lawsuit because he failed to comply with the Court's August 5, 2022 Screening Order, which resulted in his failure to respond to Defendant's discovery requests. As such, he has failed to diligently prosecute his claims and hampered Defendant's ability to defend against them. Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.") (citing Rule 41(b)). In determining whether to dismiss an action, the Court must weigh the following factors:

(1) the public's interest in expeditious resolution of litigation;

>(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.

*Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010).

These factors serve as a guide, but they are not "a series of conditions precedent before the judge can do anything." *Valley Engineers Inc. v. Valley Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1988). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal citations and quotations omitted). Here, all five factors weigh in favor of dismissal.

### A. The Public's Interest in Expeditious Resolution of Litigation Weighs in Favor of Dismissal.

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (internal citations and quotations omitted).

Plaintiff has shown no interest in securing an expeditious resolution of his claims since he has not participated in this action since October 31, 2022, and failed to update the Court and counsel with his address when he moved. Plaintiff was on notice, since issuance of the Court's August 5, 2022 Screening Order, of the requirement to file and serve a notice of change of address. (Dkt. 5 at 8). And, more importantly, he was on notice that the failure to do so may result in dismissal of this action. (*Id.*) Despite being aware of the requirement to update his address, he has failed to do so. Plaintiff's failure has resulted in a standstill in discovery, as he is unable to receive and respond to requests that are propounded upon him. *See Shirley v. Tuggle*, 2011 WL 2516580, at *1 (E.D. Cal. June 23, 2011) (recognizing that failure to follow court rules and keep parties and court updated with current address prevented defendant from successfully conducting discovery), *report and recommendation adopted*, *Shirley v. Tuggle*, 2011 WL 13286483 (E.D. Cal. Sept. 7, 2011). Plaintiff's failure demonstrates his lack of interest in prosecuting his claims. *See Afzal v. Kane*, CV–1546–PHX–JWS (JRI), 2011 WL 2173883 at *3 (D. Ariz. May 19, 2011) (granting defendant's

1   motion for failure to prosecute where petitioner had over a month since his removal to file
2   a notice of change of address and where he had been specifically ordered by the court to
3   update his address).
4       Plaintiff's failure to move his case forward impedes the public's interest in an
5   expeditious resolution of his case.  And his failure to notify the Court of a current address
6   makes it impossible for him to receive updates concerning his case.  Therefore, he will be
7   unable to respond to any Court orders or motions.  This factor weighs in favor of dismissal.

**B.     The Court's Need to Manage Its Docket Weighs in Favor of Dismissal.**

9       As a result of Plaintiff's failure to update his address, the Court cannot manage its
10  docket.  Specifically, Plaintiff will not receive Court orders or other filings on the docket.
11  This obstructs the Court's ability to move this case towards disposition and demonstrates
12  that Plaintiff does not intend to litigate this action diligently.  *See Yourish*, 191 F. 3d at 990
13  (agreeing with district court court's need to manage its docket "strongly favor[ed]
14  dismissal" where the plaintiff's noncompliance "caused the action to come to a complete
15  halt" thus resulting in the plaintiff "control[ling] the pace of the docket rather than the
16  Court."); *Perez v. Azusa Police Dep't*, 2021 WL 6274792, at *2 (C.D. Cal. Dec. 2, 2021)
17  (finding the need to manage the court's docket weighed in favor of dismissal where plaintiff
18  failed to engage in discovery and that such failure obstructs the court's ability to move the
19  case towards disposition and indicates that plaintiff does not intent to litigate the action
20  diligently), report and recommendation adopted, *Perez v. Azusa Police Dep't*, 2022 WL
21  36115 (C.D. Cal. Jan. 4, 2022).
22      Further, the Ninth Circuit recognizes that a failure to engage in discovery, like
23  Plaintiff's failure here, can result in dismissal. *See Sigliano v. Mendoza*, 642 F.2d 309, 310
24  (9th Cir. 1981) (affirming dismissal under Fed. R. Civ. P. 37(c) where plaintiff failed to
25  comply with the rules of discovery).  The Court should decline "to expend its limited
26  resources on a case that Plaintiff has chosen to ignore." *See Shehee v. Redding*, 2020 WL
27  6700175, at *3 (E.D. Cal. Nov. 13, 2020) (dismissing plaintiff's action for failure to
28  prosecute where plaintiff did not update his address with the court), , *Shehee v. Redding*,

4

2020 WL 7406701 (E.D. Cal. Dec. 17, 2020). This factor weighs strongly in favor of dismissal.

### C. The Risk of Prejudice to Defendant Weighs in Favor of Dismissal.

"The failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. . . The law presumes injury from unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) (citing *Anderson v. Air West. Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). Although the presumption is rebuttable, Plaintiff must present a justification for his numerous delays that is not frivolous before Defendant must show actual prejudice, i.e. "that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.*; *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Moreover "the risk of prejudice to the defendant is related to the strength of the plaintiff's excuse for the default." *Yourish*, 191 F.3d at 991.

Plaintiff cannot meet this burden. Plaintiff was aware from the onset of litigation of the Court's requirement that he provide notice of any change of address. (Dkt. 5 at 8.) Defendant is therefore not required to demonstrate actual prejudice, as prejudice is presumed from Plaintiff's unreasonable delay. *In re Eisen*, 31 F.3d at 1452 (recognizing that the law presumes injury from unreasonable delay). Still, to the extent Defendant is required to show actual prejudice, Plaintiff's failure to notify the Court of his current address hampers Defendant's ability to meaningfully prepare his defense and "impair[s] [his] ability to go to trial" as he cannot litigate this matter or ascertain Plaintiff's claims via discovery. *See Roldan Riera v. Dep't of Homeland Security*, NO. EDVC 14-1404 GHK (AS), 2016 WL 4435719, at *3 (C.D. Cal. July 26, 2016). Specifically, Defendant's interrogatories seek information regarding: the basis of Plaintiff's allegations that Defendant ignored or prevented Plaintiff from following Center for Disease Control and Prevention ("CDC") Guidelines; the acts or omissions Plaintiff believes Defendant should have taken to prevent Plaintiff from contracting COVID-19; a computation and measure of Plaintiff's damages that he alleges were caused by Defendant; each witness Plaintiff will

use to support his claims and what they will testify to; and each and every fact which supports Plaintiff's claims that Defendant caused his injuries. (*See* Defendant's First Set of Interrogatories to Plaintiff, attached as Exhibit 2.) Defendant's requests for production, for example, seek documents regarding damages, losses, and expenses Plaintiff alleges he sustained as a result of Defendant's conduct; and evidence of Plaintiff's alleged injuries. (*See* Defendant's First Set of Requests for Production to Plaintiff, attached as Exhibit 3.) This discovery is necessary for Defendant to determine the veracity of Plaintiff's claims, whether Plaintiff sustained any damages, and the information/documents that Plaintiff will use to support his claims on summary judgment or at trial. Absent this information, Defendant's ability to defend this case is hampered. *Chase v. Int'l Ass'n of Machinists & Aerospace Workers,* 2022 WL 2052657 (C.D. Cal. Apr. 8, 2022) ("Additionally, Mr. Rodriguez's refusal to participate in the discovery process and his noncompliance with the Court's orders is also prejudicial as it interferes with the Defendant's ability to create a complete defense and adequately prepare for a summary judgment motion."); *Ragsdale v. Lopez-Flores*, 2016 WL 8732335, at *5 (plaintiff's failure to participate in discovery prejudiced defendants, as it made it "impossible for Defendants to investigate and test the factual basis of Plaintiff's allegations"). This factor weighs in favor of dismissal.

**D.     The Public Policy Favoring Disposition of Cases on Their Merits Weighs in Favor of Dismissal.**

Although this factor generally weighs against dismissal, *see Pagtalunan*, 291 F.3d at 643, "courts weigh this factor against the plaintiff's delay and the prejudice suffered by the defendant." *In re Eisen*, 31 F.3d at 1454. Defendant has diligently litigated this matter and mailed discovery to Plaintiff to discover the basis for Plaintiff's claims against him. As discussed above, the discovery sought is necessary for Defendant to prepare for summary judgment and trial. "Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *Id.* (internal citations and quotations omitted). Defendant has done so here. Plaintiff's failure to notify the Court of his current

1  address so that he may receive discovery, correspondence, and any Court orders has
2  hindered Defendant's ability to appropriately and expeditiously prepare for trial.
3  Weighing the public policy in favor of disposition of cases on their merits against Plaintiff's
4  unreasonable delays and the prejudice to Defendant arising from Plaintiff's non-response
5  to discovery and failure to litigate, this factor weighs in favor of dismissal.

**E.     The Availability of Less Drastic Sanctions Weighs in Favor of Dismissal.**

Although the Court may consider less drastic sanctions, it is not required to impose such sanctions prior to dismissing the action. *See Valley Engineers Inc.*, 158 F.3d at 1057 ("[I]t is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning.") (*citing Adriana Inter. Corp. v. Thoeren*, 913 F.2d 1406, 1413 (9th Cir. 1990)); *In re Eisen*, 31 F.3d at 1454–55 ("We have 'never held that explicit discussion of alternatives is necessary for an order of dismissal to be upheld.'") (quoting *Malone v. U.S. Postal Servs.*, 833 F.2d 128, 132 (1987)) (emphasis in original). Further, the Ninth Circuit recognizes that "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives requirement.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (quoting *Malone*, 833 F.2d at 132–22).

Here, the Court warned Plaintiff that failure to update his address could result in dismissal. (Dkt. 5 at 8.) Any further order compelling Plaintiff to comply would be of little value—especially where he will not receive the order because he has not updated his address. Indeed, approximately 29 days have passed since Defendant's March 23, 2023 discovery was returned, but Plaintiff has not updated his address or otherwise participated in this litigation. Because Plaintiff is no longer incarcerated,[1] he could check the docket to check this matter's progress, attempt to respond to the discovery by corresponding with undersigned counsel and requesting that the discovery be forwarded to his new address, or

---

[1] Plaintiff was released from the custody of the Arizona Department of Corrections, Rehabilitation and Reentry on October 24, 2022. (*See* Inmate Data Search | Arizona Department of Corrections, Rehabilitation & Reentry (az.gov), search "J. Fenty" and "inactive") (last accessed April 21, 2023.)

file a notice informing counsel and the Court that his address has changed and requesting additional time to respond to discovery. He failed to do so. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (finding that where a plaintiff's mailing address is no longer valid, "An order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail."). This factor weighs in favor of dismissal.

### III.  CONCLUSION

For these reasons, Defendant's Motion should be granted and Plaintiff's Complaint dismissed, with prejudice.

DATED this 21st day of April, 2023.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Eden G. Cohen
Daniel P. Struck
Rachel Love
Nicholas D. Acedo
Ashlee B. Hesman
Kevin L. Nguyen
Anne M. Orcutt
Eden G. Cohen
3100 West Ray Road, Suite 300
Chandler, AZ 85226

*Attorneys for Defendant Penzone*

# CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

N/A

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

Jason Phillip Fenty
#110424
28 South Olive
Mesa, AZ 85204

/s/ S. Berry